

NUMBER 13-08-00371-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAMES GILLETT,                                                                            Appellant,

v.

THE STATE OF TEXAS,                                                                  Appellee.

On appeal from the 130th District Court
of Matagorda County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Rodriguez**

A jury found appellant, James Gillett, guilty of possession of a controlled substance with intent to deliver, and guilty of possession of five pounds or less but more than four ounces of marihuana. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112, 481.121(3) (Vernon 2003). The jury assessed punishment of fifteen years' imprisonment for the offense of possession with intent to deliver a controlled substance and two years'

imprisonment for the offense of possession of marihuana. Gillett challenges the jury's verdict, arguing that: (1) the evidence is legally and factually insufficient to prove that he intentionally or knowingly possessed narcotics found in a police search of the trailer; (2) the trial court abused its discretion by overruling Gillett's hearsay objection to testimony by Sergeant Stephan Crow; (3) the trial court abused its discretion by overruling Gillett's hearsay objection to evidence that Gillett sold the trailer that was searched; and (4) trial counsel rendered ineffective assistance by failing to properly object to hearsay and irrelevant evidence that was offered to link Gillett to the drugs. We affirm.

## I. BACKGROUND

In January 2007, Sergeant Crow was working as an undercover narcotics officer for the Matagorda County Sheriff's Office. Sergeant Crow learned from numerous informants that Gillett was dealing "high volumes" of narcotics, including crack cocaine, on 4th Street in Palacios, Texas. The informants drove Sergeant Crow to the 4th Street location. The location had two travel trailers on it. The informants identified one of the trailers, a small travel trailer (trailer one) with an attached porch, as the trailer where narcotics were stored and as the place where Gillett sold drugs. A for-sale sign was mounted on that trailer. The informants also identified Gillett, who was working on cars outside trailer one.

Cheryl Hansen owns the property where the trailers are located. She rented trailer one to a man named Buzzard, and she rented the other trailer (trailer two) to Gillett.[1] Buzzard vacated trailer one in January 2007, and Hansen did not know whether trailer one was occupied after Buzzard vacated it.

---

[1] Buzzard's real name and identity were not revealed at trial.

2

Sergeant Crow set up rolling surveillance to monitor the location. He noticed heavy traffic and recognized several people coming and going from trailer one as documented narcotic addicts. Gillett was seen working on vehicles in front of both trailers several times. The police could not identify a house number for either trailer during surveillance. The utility company had no registered name or address for trailer one; the trailer was receiving utilities from a temporary line.

Based on the above information, Sergeant Crow obtained a search warrant for trailer one. As Sergeant Crow and his team drove toward the location, Gillett was standing outside of the trailer. By the time the team exited the car, Gillett was gone. When the team approached trailer one, David Torres was found knocking on the door of the trailer. He was detained and questioned. Trailer one was locked, so pursuant to the search warrant, the team broke into it.

The team found mail addressed to Gillett in a mail sorter inside trailer one. The mail had a different address, but Sergeant Crow learned that Gillett's brother had been delivering Gillett's mail to trailer one. The team also found a pill bottle containing contained 8.18 grams of cocaine, and 292.22 grams of marihuana. In addition to the drugs, the team found the following items: crack pipes, Swisher cigars used for smoking marijuana, Brillo pads used as filters in crack pipes, cans modified to smoke or ingest crack cocaine, a digital scale, rolling papers, push rods, empty baggies, and pots with crack residue in the scratch marks.

Sergeant Crow obtained a second search warrant in March 2007. When Sergeant Crow and his team arrived the second time, trailer one was gone. Gillett was found standing in front of trailer two and was arrested. Sergeant Crow later discovered that

3

Gillett had sold trailer one. In the booking process, Gillett listed his address as 4th Street, the same street on which trailer one had been located.

## II. SUFFICIENCY OF EVIDENCE

By his first two issues, Gillett argues that the State's evidence is legally and factually insufficient to prove that Gillett possessed the cocaine and marihuana found in the trailer.

### A. Standard of Review and Applicable Law

In reviewing legal sufficiency, the evidence should be in examined in "a light most favorable to the verdict to determine whether any rational trier of fact could find essential elements of the crime beyond a reasonable doubt." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). The appellate court must examine all evidence, including admitted hearsay. *Id.*; *Villarreal Lopez v. State*, 267 S.W.3d 85, 95 (Tex. App.–Corpus Christi 2008, no pet.) (*Lopez*). In its review, the appellate court may not reevaluate, disregard, or weigh the credibility of the evidence. *Cano v. State*, 3 S.W.3d 99, 104 (Tex. App.–Corpus Christi 1999, pet. ref'd). Every fact need not point directly to the defendant's guilt, but the cumulative force of circumstantial and direct evidence can link the accused to the contraband. *Evans v. State*, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006); *Lopez*, 267 S.W.3d at 95.

In reviewing factual sufficiency, the appellate court will review the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Lopez*, 267 S.W.3d at 97. The court must give deference to the jury's determination on the credibility of the witnesses and weight of the evidence. *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); *Lopez*, 267 S.W.3d at 97. However, even if the evidence is legally

sufficient, the reviewing court can find it factually insufficient if the evidence is so weak that the jury's verdict is clearly wrong, manifestly unjust, or against the "great weight and preponderance of the evidence." *Watson*, 204 S.W.3d at 414-15; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *Lopez*, 267 S.W.3d at 97. An appellate court cannot overturn a jury's conviction just because it would have acquitted if it were on the jury or because it disagrees with how the jury resolved a conflict. *Watson*, 204 S.W.3d at 417; *Lopez*, 267 S.W.3d at 97. If an appellate court overturns a decision based on factual insufficiency, it should detail the evidence relevant to the issue in consideration and clearly state why the jury's finding is factually insufficient and how the contrary evidence greatly outweighs the evidence in support of the verdict. *Cano*, 3 S.W.3d at 107 (citing *Cain*, 958 S.W.2d at 407).

Both legal and factual sufficiency are measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Adi v. State*, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet ref'd). Under a hypothetically correct jury charge, a person has unlawful possession of a controlled substance when he has actual care, custody, control or management of the controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002 (Vernon 2003). To show that Gillett had unlawful possession of the cocaine and marihuana, the State must not only prove that Gillett exercised care, control, or management over the contraband but also that Gillett knew that what he possessed was contraband. *See Lopez*, 267 S.W.3d at 91. The evidence can be direct or circumstantial but must show that Gillett's connection with the drugs was more than just fortuitous. *Poindexter*, 153 S.W.3d at 405-06; *Lopez*,

5

267 S.W.3d at 91. Gillett's mere presence is not enough to prove possession. *Lopez*, 267 S.W.3d at 91.

In this case, the State is not arguing that Gillett was in exclusive possession and control of the place where the drugs were found; thus, it must affirmatively link Gillett to the contraband. *Id.* (citing *Lassaint v. State*, 79 S.W.3d 739, 740 (Tex. App.–Corpus Christi 2002, no pet.)). This "affirmative links" rule protects the innocent bystander from conviction just because he was close to someone else's drugs. *Evans*, 202 S.W.3d at 161-62; *Poindexter*, 153 S.W.3d at 406. Reviewing courts have used a nonexclusive list of factors to determine if evidence is sufficient to affirmatively link the accused to a controlled substance:

> 1. Whether the contraband was in plain view or recovered from an enclosed place; 2. The accused was the owner of the premises or had the right to possess the place where the contraband was found, or was the owner or driver of the automobile in which the contraband was found; 3. The accused was found with a large amount of cash; 4. The contraband was conveniently accessible to the accused, or found on the same side of the vehicle as the accused was sitting; 5. The contraband was found in close proximity to the accused; 6. A strong residual odor of the contraband was present; 7. The accused possessed contraband when arrested; 8. Paraphernalia to use the contraband was found in view or found on the accused; 9. The physical condition of the accused indicated recent consumption of the contraband in question; 10. Conduct by the accused indicated a consciousness of guilt; 11. The accused attempted to escape or flee; 12. The accused made furtive gestures; 13. The accused had a special connection to the contraband; 14. The occupants of the premises gave conflicting statements about relevant matters; 15. The accused made incriminating statements connecting himself to the contraband; 16. The quantity of the contraband; 17. The accused was observed in a suspicious area under suspicious circumstances.

*Lassaint v. State*, 79 S.W.3d at 740 (internal citations omitted). An appellate court does not determine the sufficiency of "links" based on the number of factors met, but on the

6

logical force of all the evidence, circumstantial and direct. *Evans*, 202 S.W.3d at 161-62; *Lopez*, 267 S.W.3d at 92; *Lassaint*, 79 S.W.3d at 741.

## B. Legal Sufficiency

Gillett argues that the State's reliance on admitted hearsay evidence to link Gillett to the drugs found in the trailer renders the evidence legally insufficient. We disagree.

In order to establish that Gillett had knowledge and possession of the narcotics, the State presented the jury with evidence that mail addressed to Gillett, although having a different address, was found in a mail sorter in the searched trailer. Informants took the officers to the trailer and identified Gillett as a person who deals high volumes of narcotics on 4th Street. During the search of the trailer, numerous measuring devices and distribution baggies were found. "Soda can" crack pipes, marihuana, and cocaine were also found. Gillett was seen working on vehicles outside of the premises on numerous occasions, and he sold the trailer in question after the initial search. The trailers were not numbered; officers could only determine that the trailers were located on 4th Street. When booked, Gillett gave 4th Street as his address.

Construing the above evidence in a light most favorable to the verdict, we determine that the jury could have reasonably inferred that Gillett had possession of the narcotics found in the trailer and that he knew that what he possessed was contraband. *See Evans*, 202 S.W.3d at 161-62; *Lopez*, 267 S.W.3d at 92; *Lassaint*, 79 S.W.3d at 740. The State demonstrated that: (1) narcotics were found in plain view and recovered from an enclosed space; (2) Gillett had "control" of the trailer, in that he stored his mail there and listed 4th Street as his address; (3) drug paraphernalia was found in the living room of the trailer; (4)

7

the amount of narcotics found was large and distribution materials were found; and (5) Gillett had been seen at the premises just before the search was conducted. *See Lassaint*, 79 S.W.3d at 740. Thus, there is evidence which would lead a jury to believe beyond a reasonable doubt that Gillett possessed narcotics found in the trailer and knew what he possessed were narcotics. The evidence is legally sufficient to find Gillett guilty of possession of cocaine and marihuana. Gillett's first issue is overruled.

### C. Factual Sufficiency

Gillett also argues that the State's evidence is factually insufficient to prove that he knowingly and intentionally possessed the narcotics found in trailer one. Gillett asserts that he was identified by unnamed informants and that Sergeant Crow was informed of the mail delivery by Gillett's brother. Gillett argues that because the jury did not judge the credibility of the source of this information, this evidence is too weak to support his conviction. Gillett also argues that the State's evidence is factually insufficient because Gillett never gave a house number for his booking address on 4th Street and that no evidence established the location where the mail was delivered or to whom it was given. Gillett contends that he actually rented trailer two from Hansen and that Buzzard rented trailer one, and that the utility company did not have a registered name or address for trailer one.

However, even in light of this contrary evidence, we conclude that the evidence was factually sufficient to support the verdict. *See Poindexter*, 153 S.W.3d at 405. There was drug paraphernalia found in plain view. Gillett's mail was found in a mail sorter. Informants took the officers to the location and identified Gillett. Gillett was seen working on cars outside trailer one and was seen several other times outside trailer one. A for-sale sign

8

was seen on trailer one during the search, and when the officers returned to arrest Gillett, trailer one was gone. The police later learned that Gillett had sold trailer one. There was evidence that the police could not locate a house number on trailer one and that the utility company did not have a record of anyone registered for utilities at that site. Based on this evidence, the jury could infer that there was not a house number to give to the booking police. Combined with all the evidence presented, this evidence demonstrates that, even though the trailer did not have an address or house number, Gillett was exercising control over trailer one.

The jury is the sole judge of the weight to be given to evidence. *Cano*, 3 S.W.3d at 107. We are "not free to re-weigh evidence and set aside a jury verdict simply because a different result is more reasonable." *Id.* (citing TEX. CODE CRIM. PROC. ANN. § 36.13 (Vernon 2007), § 38.04 (Vernon 1979)). Thus, we do not find the jury's verdict in this case to be clearly wrong and manifestly unjust; moreover, the verdict is not against great weight and preponderance of the evidence. *See Watson* 204 S.W.3d at 414-415; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *Lopez*, 267 S.W.3d at 97. The evidence is factually sufficient to find Gillett guilty of possession of cocaine and marihuana. Gillett's second issue is overruled.

### III. HEARSAY

By his third and fourth issues, Gillett argues that the trial court abused its discretion when it overruled Gillett's hearsay objections to portions of Sergeant Crow's testimony.

### A. Standard of Review and Applicable Law

An appellate court reviews a trial court's decision to admit evidence under an abuse of discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

9

A trial court's ruling to admit evidence will be reviewed in the context of other evidence presented. *Id.* We will not reverse a trial court's ruling if it is within the "zone of reasonable disagreement." *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).

Hearsay is a statement made outside of a trial or hearing by the declarant and offered into evidence to prove the matter asserted. Tex. R. Evid. 801(d). Testimony can possess both a permissible non-hearsay aspect along with an impermissible hearsay aspect. *Head v. State*, 4 S.W.3d 258, 261 (Tex. Crim. App. 1999)*; Schaffer v. State*, 777 S.W.2d 111, 114 (Tex. Crim. App. 1989). For example, even if hearsay in an officer's testimony can also go to the defendant's culpability (or other truth of the matters asserted), the officer will be allowed to relate how and why an investigation was initiated by stating that she acted on information received. *Schaffer*, 777 S.W.2d at 114; *see Morin v. State*, 960 S.W.2d 132, 138 (Tex. App.–Corpus Christi 1997, pet. ref'd).

### B. Gillett as Dealer of High Volumes of Narcotics on 4th Street

Gillett argues that the trial court abused its discretion when it admitted testimony from Sergeant Crow that informants told him Gillett was dealing high volumes of narcotics on 4th Street. We disagree. Sergeant Crow testified as follows:

Q. Now, tell us how it is--let's kind of start at the beginning in this case. Tell us how it is that you got involved related to this particular area.

A. We were working investigations in the Palacios area. Basically, the majority of it in Palacios are crack cocaine investigations. We have a high volume of crack cocaine sales in that area. At the time we were working other investigations in Palacios, we had numerous informants give us the information that the defendant--

[Gillett's counsel]: Your honor, I would object as to hearsay.

10

The Court:         Overruled.

[Prosecutor]:         You may continue.

A.   That the defendant was dealing high volumes of narcotics as crack cocaine on 4th Street.

The language used by Sergeant Crow—that informants gave him information about Gillett—is consistent with the holding in *Schaffer* that officers can testify about information received. *See Schaffer*, 777 S.W.2d at 114. Sergeant Crow's testimony served to inform the jury why the investigation was initiated against and focused on Gillett. *See id.* Thus, Sergeant Crow's testimony is not inadmissable hearsay, and the trial court did not abuse its discretion in overruling Gillett's objection. Gillett's third issue is overruled.

### C. Gillett's Sale of the Searched Trailer

Gillett also argues that the trial court abused its discretion by overruling Gillett's hearsay objection to evidence that Gillett sold trailer one. Sergeant Crow testified as follows:

Q.   At the time of the execution was there anything different?

A.   Yes, ma'am. The small travel trailer that was there that we ran the warrant on, it was removed at the time.

Q.   Okay. Did you find out what had happened to that?

A.   We did not know for quite sometime. We eventually learned that it was bought by an individual named Monty Kramer.

[Gillett's counsel]: Your Honor, I object to hearsay.

The Court:         Overruled.

Q.   You learned it was bought by somebody?

A.   Yes, ma'am.

11

Q.    And who was it sold by?

A.    Stan [sic] Gillett.

Q.    And is that this defendant?

A.    Yes, ma'am.

Trial court objections must be specific and timely in order for the error to be preserved. *See* TEX. R. APP. P. 33.1 (a). When a trial objection does not comport with the issue raised on appeal, the appellant has not preserved anything for review. *See* TEX. R. APP. P. 33.1 (a); *Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003) (holding that the objection did not comport to the claim raised because during trial the defendant objected to the selection of victims whereas on appeal he argued unfair prejudice) (citing *Ibarra v. State*, 11 S.W.3d 189, 196 (Tex. Crim. App. 1999).

Here, Gillett objected to testimony that Monty Kramer bought the trailer. He did not object to the testimony about who sold the trailer. Thus, his objection does not comport with the issue raised. *Resendiz*, 112 S.W.3d at 547. He did not preserve the error, if any, and therefore, there is nothing for this court to review. *See* TEX. R. APP. P. 33.1 (a). Gillett's fourth issue is overruled.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In his fifth and final issue, Gillett argues that his trial counsel rendered ineffective assistance in five areas by: (1) failing to continue to object or to obtain a running objection to hearsay testimony concerning the ownership of clothes found in the closet of the trailer; (2) failing to object to hearsay evidence that Gillett's brother delivered mail to Gillett at the location of the search; (3) failing to request an instruction to disregard when his objection to hearsay from Torres was sustained and then failing to object when the State argued the

12

hearsay as affirmative evidence to the jury; (4) failing to object to admission of Gillett's jail booking records; and (5) failing to object to irrelevant testimony regarding the officer's use of informants and drug addicts offered to bolster the credibility of the hearsay upon which the State relied. Gillett claims his counsel was ineffective in failing to object to the evidence listed above because the State offered each to link Gillett to the drugs found in the trailer.

## A. Standard of Review and Applicable Law

In an ineffective assistance of counsel claim, the appellant "must establish that his lawyer's performance fell below an objective standard of reasonableness and that there is 'reasonable probability' the result of the proceeding would have been different but for counsel's deficient performance." *Mallett v. State*, 65 S.W.3d 59, 62 (Tex. Crim. App. 2001) (citing *Strickland v. Washington*. 466 U.S. 668, 693-94 (1984)). The probability must be "sufficient to undermine confidence in the outcome," and a lawyer's deficient performance must undermine the "proper functioning of the adversarial process" such that the result of the trial cannot be reliable. *Id.*; *Thompson v. State*, 9 S.W.3d 808, 812-813 (Tex. Crim. App. 1999).

Our review of counsel's representation is deferential, and we presume that counsel gave his client professional assistance. *Mallett*, 65 S.W.3d at 62 (citing *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000)). The appellant bears the burden of proof to show by a preponderance of evidence that his counsel's performance was below what is objectively reasonable. *See Thompson*, 9 S.W.3d at 813. To prove that counsel's performance fell below the reasonableness standard, "the record must contain evidence of counsel's reasoning, or lack thereof." *Moreno v. State*, 1 S.W.3d 846, 865 (Tex. App.–Corpus Christi 1999, pet. ref'd). When the record is silent, the appellate court will not

13

speculate as to counsel's actions or reasons for acting a certain way in the trial court. *Robinson v. State*, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000).

## B. Analysis

Gillett argues that his counsel failed to object to admission of the evidence listed above and that he failed to acquire a jury instruction to limit the State's reliance on testimony admitted. However, the record is silent as to why counsel did not pursue the objections or the jury instruction. *See Moreno*, 1 S.W.3d at 865. The record does not affirmatively demonstrate the alleged ineffective activity; therefore, we have nothing before us to gauge counsel's actions. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Even if we found that counsel performed deficiently, there is nothing in the record to indicate that counsel's performance prejudiced Gillett. *See Strickland*, 466 U.S. at 687; *Hernandez v. State*, 988 S.W.2d 770, 774 (Tex. Crim. App. 1999). Accordingly, we conclude that Gillett has not demonstrated that his counsel was ineffective. Gillett's fifth issue is overruled.

## V. CONCLUSION

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 30th day of July, 2009.

14